LILLIAN HORN, PLAINTIFF, v. ALEXANDER SZUMSKI AND EAGLE PROVISION COMPANY, DEFENDANTS.

Decided June 10, 1927.

**Negligence—Motor Vehicle Injury to Pedestrian—Defense Put in No Testimony—Testimony For Plaintiff Made Case Clearly One For Jury in Which Plaintiff was Not Per Se Negligent— Held, Verdict Not Unwarranted by Evidence, and That Award was Not Excessive.**

On defendants' rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Wayne Dumont* (*William V. Rosenkrans,* of counsel).

*Contra, Edward A. Markley.*

PER CURIAM.

There was a verdict for the plaintiff against the defendants for the sum of $4,000, at the Passaic Circuit.

Two reasons are assigned for setting aside the verdict— (1) that the verdict was unwarranted by the evidence; (2) that the verdict was excessive.

There was no testimony adduced on behalf of the defendants.

An examination of the testimony adduced on behalf of the plaintiff leads us to the conclusion that there was ample proof that as she stepped from the sidewalk into the gutter she was struck by the defendants company's automobile, which was being driven along the wrong side of the street, and as a result she was knocked down and seriously injured.

She was not bound to anticipate that a vehicle would come from the direction in which the defendants' automobile approached. The failure on her part to observe the automobile which was being propelled on the wrong side of the street was not *per se* negligent conduct contributing to her injury. It was clearly a jury question whether she exercised, under all the circumstances, reasonable care for her own safety when she stepped from the sidewalk to the gutter.

Nor do we think the verdict is excessive. She was sixty-eight years of age at the time of her injury and was in good health and active. She was in the business of selling coal on a commission basis. It is uncontroverted that she earned from $10 to $15 a week. She was injured on the 27th of June, 1924, and the trial of the cause took place on May 7th, 1926, nearly two years after the accident. Her injuries incapacitated her from getting about and following her trade. She was still unable, as a result of her injuries, at the time of the trial, to follow her avocation. There was proof that she still suffered from headaches, fainting and dizzy spells attributable to the injuries which she sustained.

Taking into consideration her loss of earning capacity from the time of her injury to the date of the trial, her doctor bills, medicines, her pain and suffering, and that she had not in the space of two years recovered her health and

43

strength, and that there was a prospective loss of earnings and of bodily suffering, we cannot say that the verdict of the jury was the result of partiality, mistake, passion or prejudice so as to warrant us to set the verdict aside.

Rule is discharged, with costs.